IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE MICHAELIS,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, CAL WESTERN RECONVEYANCE CORPORATION, DOES 1-X, inclusive,<br><br>    Defendants.<br>_____/ | No. C 11-00537 JSW<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING CASE MANAGEMENT CONFERENCE** |

    Now before the Court is the motion to dismiss filed by defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"). The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-19(b). Accordingly, the hearing set for December 2, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and the relevant legal authority, the Court DENIES Wells Fargo's motion to dismiss.

**BACKGROUND**

    Plaintiff, Luke Michaelis, was the owner of a condominium home located at 746 Great highway, Unit 1, San Francisco, California 94121 ("the Property"). Plaintiff alleges he purchased the Property on May 26, 2005, for a total of $700,000. (First Amended Complaint ("FAC") at ¶ 1.) Plaintiff alleges that he paid twenty percent in a down payment of $140,000 and obtained a mortgage loan from World Savings Bank, FSB for the remaining $560,000. (*Id.*)

Plaintiff further alleges that in September 2009, he entered a loan modification agreement ("Modification Agreement") with Wachovia, World Savings' successor, of which Wells Fargo is a division. (*Id.* at ¶¶ 2, 4.) After the Modification Agreement, Plaintiff alleges he executed an Automatic Loan Payment Authorization form with the San Francisco Fire Credit Union. (*Id.* at ¶ 3.) Plaintiff further alleges that he "made timely, monthly payments according to the terms of the Modification Agreement." (*Id.*) Plaintiff reiterates in his amended complaint that he "made timely mortgage payment to Wachovia under the terms of the Modification Agreement" and "performed all condition, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contract, including timely payments for monthly mortgage payments pursuant to a written Authorization for Automatic Payment Withdrawals given to his bank in favor of Wachovia and its successor through merger, Wachovia Mortgage a Division of Wells Fargo Bank, N.A." (*Id.* at ¶¶ 28, 44.)

Plaintiff alleges that thereafter, in February and March of 2010, Wells Fargo breached the Modification Agreement and wrongfully took title and possession of his home. (*Id.* at ¶ 5.)

Plaintiff alleges causes of action for breach of contract, as well as for wrongful foreclosure in violation of California Civil Code section 2924, negligence, negligent misrepresentation and/or fraud, unfair business practices in violation of California Business and Corporations Code § 17200, *et seq.* ("UCL"), and to quiet title pursuant to California Civil Code section 3375. Wells Fargo moves to dismiss all claims in the First Amended Complaint.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard,

2

"a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003); *Branch*, 14 F.3d at 454.

**B.     Motion to Dismiss.**

First, Wells Fargo moves to dismiss the amended complaint on the basis that it was late-filed. The Court denied Wells Fargo's previous motion to dismiss and accepted Plaintiff's filing of the amended complaint. (*See* Order dated July 28, 2011.) Accordingly, Wells Fargo's contention that the amended complaint should be dismissed as late-filed has been, and remains, denied.

Next, Wells Fargo moves substantively to dismiss each of the claims, primarily on the basis that Plaintiff has failed to allege that he was compliant with the terms of the parties' Modification Agreement.

**1.     Breach of Contract Claim.**

The essential elements of a breach of contract claim are: (1) the existence of a valid contract between the parties; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's unjustified or unexcused failure to perform; and (4) damages to plaintiff caused by the breach. *Isee Lortz v. Connell*, 273 Cal. App. 3d 465, 478 (1989). Wells Fargo moves to dismiss Plaintiff's breach of contract claim on the basis that Plaintiff fails to allege his own contractual compliance, *i.e.*, that he made payments on the loan for all the months between December 2009 and December 2010. Wells Fargo contends that Plaintiff failed to make these payments under the Modification Agreement and so it was entitled to foreclose on Plaintiff's property. (Request for Judicial Notice, Ex. C at 2.)[1]

However, Plaintiff alleges in his complaint both that he made the payments and was compliant with his obligations under the agreement and, in opposition, attaches a declaration under penalty of perjury so stating. (*See* FAC at ¶¶ 28, 44; *see also* Declaration of Luke Michaels filed in Opposition ("Opp. Decl.") at ¶ 7.) At this procedural posture, these allegations are sufficient to defeat the contention that Plaintiff was in default on his obligations under the contract. Accordingly, the Court DENIES Wells Fargo's motion to dismiss the breach of contract claim.

---

[1] The Court GRANTS Wells Fargo's request for judicial notice ("RJN"). *See* Fed. R. Evid. 201(b).

4

**2. Wrongful Foreclosure Claim.**

Based on the same arguments, Wells Fargo contends that Plaintiff cannot state a claim for wrongful foreclosure as there was nothing wrongful about foreclosing where Plaintiff had breached the Modification Agreement. Because the Court has found that Plaintiff's assertions of compliance are sufficient to withstand the motion to dismiss, this argument is similarly flawed.

Wells Fargo also contends that Plaintiff has failed to allege any compensable damage associated with the claim of wrongful foreclosure. However, Plaintiff does allege that he suffered damage as a result of the foreclosure on his condominium. (*See* FAC at ¶¶ 47, 49, 50, 55.) At this procedural posture, the allegations of damages suffered are sufficient to defeat Wells Fargo's contention that Plaintiff incurred no damage. Accordingly, the Court DENIES Wells Fargo's motion to dismiss the wrongful foreclosure claim.

**3. Tort Claims.**

Wells Fargo contends that Plaintiff tries to convert what is essentially a breach of contract claim to a variety of tort causes of action, including negligence, fraud and violation of California's unfair competition law. However, Plaintiff has alleged sufficient independent facts to state claims for independent tort law causes of action.

Plaintiff specifically asserts that the lender owes him a duty to follow the procedures set forth in California Civil Code section 2924. (*See* FAC at ¶¶ 53, 54.) Again, whether Plaintiff will ultimately prevail on these allegations is not properly before the Court. The allegations that Wells Fargo owed him a duty and negligently failed to carry it out is sufficient to withstand the motion to dismiss. Similarly, the fraud claim is sufficiently specific. (*See* FAC at ¶¶ 31-33.) Lastly, the unfair competition claim, premised upon the allegations of Wells Fargo's unlawful and fraudulent business practices, is sufficient to withstand the motion to dismiss as well. Accordingly, the Court DENIES Wells Fargo's motion to dismiss the claims for negligence, negligent misrepresentation and/or fraud, unfair business practices in violation of California's UCL.

5

**4. Claim to Quiet Title.**

Wells Fargo moves to dismiss Plaintiff's sixth claim to quiet title, for title and possession of the Property. Wells Fargo contends that Plaintiff voluntarily relinquished possession of the Property during the foreclosure process, thereby forfeiting his claim to title. However, although Plaintiff acknowledges that he signed a voluntary settlement to move out of his home at the time Wells Fargo initiated an unlawful detainer action against him in state court, Plaintiff claims that he "expressly maintained [his] right to pursue this lawsuit and maintained [his] objection to the foreclosure proceedings and the eviction as being a breach if the modification agreement and as being wrongful." (Opp. Decl. at ¶ 14.) Again, the allegations are sufficient to state a claim; whether Plaintiff will ultimately be able to prevail based on the evidence and the facts is a matter for another time. Accordingly, the Court DENIES Wells Fargo's motion to dismiss the claim for quiet title.

**CONCLUSION**

For the foregoing reasons, Wells Fargo's motion to dismiss is DENIED. Wells Fargo shall have twenty days to file an answer. Further, the Court sets a case management conference for February 17, 2012 at 1:30 p.m. The parties shall submit a joint case management statement by no later than February 10, 2012.

**IT IS SO ORDERED.**

Dated: November 2, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE